UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MARTIN WALSH,                                    **SECOND AMENDED COMPLAINT**

                         Plaintiff,            <u>Demand for Trial by Jury</u>

     -against-                                 Docket No. 19-cv-9238 (AT)

CITY OF NEW YORK, KEVON SAMPLE,
OLIVER LIEBOWITZ and JOHN or JANE DOE
1-10,

                       Defendants.
-------------------------------------------------------------X

      The Plaintiff, Martin Walsh, by and through the undersigned attorneys, Sim & DePaola,

LLP, for his Second Amended Complaint against the Defendants, City of New York, Kevon

Sample, Oliver Liebowitz and John or Jane Doe 1-10, alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action, in which Plaintiff seeks relief, vis-à-vis 42 U.S.C. §§ 1981,

1983 and 1988, the common law of the State of New York, in addition to the self-executing clauses

or implied private causes of action of the New York State Constitution, for the violations of his

civil rights, as guaranteed and protected by the First, Fourth, Fifth, Sixth and Fourteenth

Amendments to the Constitution of the United States, as well as the Laws and constitution of the

State of New York.

2.     The following claims arise from an incident occurring on June 17, 2018, in which

defendants, acting under color of state law, unlawfully stopped, questioned, searched, arrested and

detained Plaintiff in the vicinity of the northeast corner of Second Avenue and 86th Street, New

York, New York. Plaintiff was then charged with Assault in the Third Degree and other related

offenses.

3.      As a result, Plaintiff was deprived of his liberty and suffered various physical, emotional and psychological injuries. Plaintiff was wrongfully detained for approximately nine (9) hours and maliciously prosecuted from the date of his criminal court arraignment, until the criminal proceedings were terminated in favor in Plaintiff on December 19, 2018, when all charges were summarily and unconditionally dismissed and sealed, pursuant to section 160.50 of the New York Criminal Procedure Law.

4.      Plaintiff seeks monetary damages (compensatory and punitive) against defendants, an award of costs and reasonable attorney's fees, with all interest then accrued, together with such other or further relief, as this Court may deem just and proper.

## JURISDICTION

5.      This action arises under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §§ 1981, 1983 and 1988, the constitution of the State of New York and the laws of the City and State of New York.

6.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

## VENUE

7.      Venue is properly laid within the Southern District of New York, as Defendant, City of New York, is located within and a substantial part of the events giving rise to the claims occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

8.      Plaintiff, Martin Walsh ("Mr. Walsh"), is a White male, who resides in the County, City and State of New York.

9.     Defendant, City of New York ("City"), is a municipal corporation organized under the laws of the State of New York.

10.    At all times relevant hereto, Defendant City, acting through the New York City Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, screening, hiring, training, supervision, discipline, retention and conduct of all NYPD personnel, including police officers, detectives, sergeants, lieutenants and other supervisory officers or officials, as well as the individually named NYPD defendants herein.

11.    In addition, at all times here relevant, Defendant City, was responsible for enforcing the rules or regulations of the NYPD, and for ensuring that the NYPD personnel obey the laws and constitutions of the United States and the State of New York.

12.    Defendant Kevon Sample ("Sample") was, at all times here relevant, a police officer or police lieutenant employed by the NYPD and, as such, was acting in the capacity of an agent, servant and employee of the Defendant City. Defendant Sample was, at the times relevant herein, a police officer or police lieutenant, under Tax Reg. No. 935679, assigned to 19th Pct, located at 153 East 67th Street, New York, New York. Defendant Sample is being sued in his individual and official capacities.

13.    Defendant Oliver Liebowitz ("Liebowitz") was, at all times here relevant, a police officer employed by the NYPD and, as such, was acting in the capacity of an agent, servant and employee of the defendant, City of New York. Defendant Liebowitz was, at the times relevant herein, a police officer, under Shield No. 21492 Tax Reg. No. 959796, assigned to 19th Precinct, located at 153 East 67th Street, New York, New York. Upon information and belief, Defendant Liebowitz is

presently assigned to the 113th Pct, located at 167-02 Baisley Boulevard, Jamaica, New York. Defendant Liebowitz is being sued in his individual and official capacities.

14.     At all relevant times, Defendants John or Jane Doe 1-10, were police officers, detectives, supervisors, policymakers or officials employed by the NYPD or City of New York.  At this time, Plaintiff does not know the true names or tax registry numbers of Defendants John or Jane Doe 1-10, as such knowledge is within the exclusive possession of defendants.

15.     At all relevant times herein, Defendants John or Jane Doe 1-10 were acting as agents, servants or employees of the City of New York or the NYPD. Defendants John or Jane Doe 1-10 are being sued in their individual and official capacities.

16.     At all relevant times herein, defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City or State of New York.

17.     Within ninety-days of the injuries alleged herein, Plaintiff served Defendant City with written notice of his claims.

18.     Over thirty-days have elapsed from the date of said service and Plaintiff's claims have not been settled or otherwise disposed of.

19.     Plaintiff has complied with the municipal defendant's demand for an oral examination, pursuant to Section 50-H of the New York General Municipal Law.

20.     The claims brought pursuant to state law have been commenced within one-year-and-ninety-days from their respective accrual dates.

### FACTUAL CHARGES

21.     On, or about, June 17, 2018, at approximately 2:00 p.m., Mr. Walsh was walking in the vicinity of the Northwest corner of First Avenue and 87th Street, New York, New York.

22.     At said date, time and location, Mr. Walsh was lawfully within the crosswalk, when he was almost struck by a bicyclist, who illegally and dangerously sped through a red stop light.

23.     Mr. Walsh then informed the bicyclist that Mr. Walsh had the right of way.

24.     The bicyclist, later identified as Francisco Bruno, Jr. ("Mr. Bruno"), then brandished a metal chain in a threatening manner, while also uttering various profanity laced threats, toward Mr. Walsh.

25.     Mr. Walsh proceeded to walk towards his intended destination, when Mr. Bruno cycled onto the sidewalk, disembarked from his bicycle and blocked Mr. Walsh's path.

26.     Mr. Walsh, fearful for his safety, proceeded to walk away from Mr. Bruno by walking toward Second Avenue.

27.     As Mr. Walsh was walking toward Second Avenue, he dialed for emergency assistance by calling "911."

28.     Mr. Walsh informed the emergency operator that he was an off-duty court officer in need of assistance, because he was being menaced and harassed by a bicyclist, as required by the terms of his employment as court officer with State of New York.

29.     Less than five (5) minutes after Mr. Walsh dialed "911," two NYPD officers at the scene, including defendants Liebowitz and John Doe 1.

30.     Mr. Walsh informed defendants, Liebowitz and John Doe 1, about Mr. Bruno's unlawful actions and proceeded to point Mr. Bruno out to them.

31.     Defendant Liebowitz then proceeded to question Mr. Bruno.

32.     As defendant Liebowitz was speaking with Mr. Bruno, defendant Sample arrived.

33.     After speaking with Mr. Bruno for less than five (5) minutes, defendant Sample approached Mr. Walsh.

34.     Defendant Sample instructed Mr. Walsh to shake hands with Mr. Bruno and to "forget about this."

35.     Mr. Walsh refused and replied that his employment as a court officer requires him file a formal report anytime he dials "911."

36.     Defendant Sample then became visibly irate, stating "We'll see about that" and directed Mr. Walsh not to leave the scene.

37.     Defendants, Sample and Liebowitz, then walked away from Mr. Walsh.

38.     Approximately five (5) to ten (10) minutes later, defendants, Sample and Liebowitz, returned to speak with Mr. Walsh.

39.     Defendant Sample then informed Mr. Walsh that he had conducted "further investigation," which yielded an additional witness to the incident.

40.     Defendant Sample further informed Mr. Walsh that he was going to be arrested, because of said investigation and the unknown information alleged by defendant Sample to have been provided by the unknown witness.

41.     At the direction of defendant Sample, Mr. Walsh was then rear handcuffed and arrested by defendants, Liebowitz and John Doe 1, placed in a police vehicle and transported to the 19th precinct of the NYPD.

42.     Mr. Walsh informed defendants, including Liebowitz and John Doe 1, that the handcuffs were affixed too tightly, causing him to suffer substantial pain and discomfort.

43.     Mr. Walsh requested that the handcuffs be loosened but was ignored for approximately twenty (20) minutes.

44.     Upon his arrival at the 19th precinct, Mr. Walsh was searched, questioned, photographed and fingerprinted.

45.     Mr. Walsh inquired to defendant Liebowitz about the status of his cross-complaint against Mr. Bruno but was ignored.

46.     At approximately 8:30 p.m., Mr. Walsh was eventually transported to New York County Central Booking.

47.     At Central Booking, Mr. Walsh was subjected to additional searches and confined to various cells with poor sanitary conditions and other accused criminals.

48.     At approximately 11:00 p.m., Mr. Walsh was arraigned and released on his own recognizance.

49.     Upon his release from custody, Mr. Walsh attempted to retrieve his property, which was unlawfully searched and seized, pursuant to an illegal search of his person, including the keys to his residence, but was unable to do so, until approximately 1:30 a.m. the following morning.

50.     Mr. Walsh, therefore, was rendered unable to return to his residence, until approximately 2:00 a.m. the morning following his unlawful arrest.

51.     Mr. Walsh was compelled to return to court, approximately three (3) times, to contest the false charges levied against him, including two counts of Assault in the Third Degree, Aggravated Harassment in the Second Degree, Attempted Assault in the Third Degree and Harassment in the Second Degree.

52.     On December 19, 2018, all criminal charges against Mr. Walsh were dismissed by the Hon. H. Moses, then a judge of the Criminal Court of the City of New York, County of New York.

53.     Defendants, including Sample, Liebowitz and John Doe 1, did not possess a valid, judicially authorized arrest warrant for Mr. Walsh.

54.     Defendants, including Sample, Liebowitz and John Doe 1, did not possess probable cause or other justification for the arrest or seizure Mr. Walsh's person.

55.     Defendants, including Sample, Liebowitz and John Doe 1, never observed Mr. Walsh commit any crimes of violations of the law.

56.     Defendants, including Sample, Liebowitz and John Doe 1, were never informed by any witnesses, including Mr. Bruno or the unknown witness, that Mr. Walsh committed any crimes or violations of the law.

57.     Defendants, including Sample, Liebowitz and John Doe 1, completely fabricated the existence of the second, unknown witness, as well the information allegedly provided by said unknown witness to justify the arrest and subsequent criminal prosecution of Mr. Walsh.

58.     Defendants, including Sample, Liebowitz and John Doe 1, conspired with each other, Francisco Bruno ("Bruno"), Jason Lunsford ("Lunsford"), Jhonny Milfort ("Milfort"), Catherin Doran ("Doran") and Michael Clark ("Clark"), to arrest and cause a criminal prosecution to be initiated against Mr. Walsh, in unlawful retaliation for Mr. Walsh's prior federal lawsuit that was commenced within the Southern District of New York, against Defendant City, Lunsford, Milfort, Doran and Clark, under Docket No. 14-cv-07108 (AKH).

59.     Mr. Walsh's prior federal lawsuit against the City, Lunsford, Milfort, Doran and Clark, terminated with a jury verdict in favor of Mr. Walsh.

60.     Lunsford and Milfort were personally known to Defendant Sample at the time of Mr. Walsh's arrest, due to their prior contemporaneous assignments at the NYPD's 75th Precinct.

61.     Prior to falsely arresting Mr. Walsh, Defendant Sample was fully aware that Mr. Walsh had initiated a federal lawsuit against the City, Lunsford, Milfort, Doran and Clark, and that said lawsuit resulted in a jury verdict and substantial monetary judgment in favor of Mr. Walsh.

62.     Defendant Sample was also fully aware that an appeal of said verdict and judgment by defendants was then pending before the Second Circuit Court of Appeals, under Docket No. 17-cv-02432.

63.     Defendant Sample, therefore, fabricated false evidence and ordered the arrest and the initiation of the criminal prosecution against Mr. Walsh in retaliation for his prior successful lawsuit against the City of New York, Lunsford, Milfort, Doran and Clark.

64.     Defendant Sample did not order the arrest or the initiation of the criminal prosecution against Mr. Walsh, due to the presence of probable cause or for the purpose of obtaining a criminal conviction against Mr. Walsh, but did so, instead, for the purposes of diminishing Mr. Walsh's credibility, punishing Mr. Walsh for the commencement and success of his prior lawsuit and for incurring the favor of Lunsford, Milfort, Doran and Clark.

65.     Defendants, including Sample, Liebowitz and John Doe 1, also arrested, detained and caused the criminal prosecution to be initiated against Mr. Walsh in retaliation for Mr. Walsh's refusal to follow defendant Sample's directives or recommendations to shake hands with Mr. Bruno and to "forget about" the incident.

66.     Defendants, including Sample, Liebowitz and John Doe 1, unlawfully discriminated against Mr. Walsh, a White male, by unjustifiably and gratuitously arresting Mr. Walsh, instead of Mr. Bruno, believed to be a Hispanic or Latino male.

67.     Defendants, including Sample, Liebowitz and John Doe 1, further unlawfully discriminated and retaliated against Mr. Walsh by denying him the right or opportunity to file a criminal complaint or report against Mr. Bruno.

68.     Defendants, including Sample, Liebowitz and John Doe 1, fabricated false evidence against Mr. Walsh, namely the existence of an unknown eyewitness, who they falsely alleged to have claimed to observe Mr. Walsh assault and harass Mr. Bruno.

69.     Defendants, including Sample, Liebowitz and John Doe 1, coerced Mr. Bruno to falsely accuse Mr. Walsh of pushing Mr. Bruno off of his bicycle and causing Mr. Bruno to sustain to a laceration, swelling and substantial pain to his right leg, by threatening to arrest and commence a criminal prosecution against Mr. Bruno, if he did not comply.

70.     Defendants, including Sample, Liebowitz and John Doe 1, proceeded to forward said false information to the New York County District Attorney's Office, so that a criminal prosecution would be initiated against Mr. Walsh, despite being fully aware that said allegations were completely false and that Mr. Bruno never sustained the physical injuries alleged.

71.     Under the supervision and direction of defendant Sample, defendant Liebowitz was assigned to be Mr. Walsh's arresting officer and signed the criminal court complaint against Mr. Walsh, intentionally, knowingly and falsely accusing Mr. Walsh of Assault in the Third Degree and other related offenses.

72.     Defendants, including Sample, Liebowitz and John Doe 1, acting with malice, conveyed the aforementioned false, misleading and incomplete information to prosecutors in order to have Mr. Walsh prosecuted for Assault in the Third Degree and other related charges.

73.     Lunsford, Milfort, Doran and Clark, directed, requested or otherwise improperly influenced the decision by defendants, including Sample, Liebowitz, and John Doe 1, to falsely arrest and maliciously prosecute Mr. Walsh.

74.     Defendants, including Sample, Liebowitz and John Doe 1, suppressed and fabricated evidence, grossly deviated from proper police procedure and engaged in conduct undertaken in

bad faith, namely the withholding of Mr. Walsh's rendition of the events, the aforementioned fabrication of a non-existent eyewitness and false information from said non-existent eyewitness, the coercion of Mr. Bruno, and the denial of Mr. Walsh's right to file a criminal complaint against Mr. Bruno.

75.     During all of the events described, the defendants, including Sample, Liebowitz and John Doe 1, acted maliciously and with intent to injure Mr. Walsh.

76.     At all times relevant hereto, defendants, including Sample, Liebowitz and John Doe 1, were involved in the decisions to arrest, detain or prosecute Mr. Walsh without probable cause or failed to intervene when they observed others arresting, detaining or prosecuting Mr. Walsh without probable cause.

77.     At all times relevant hereto, defendants, including Sample, Liebowitz and John Doe 1, engaged in fraud, perjury, the suppression, manipulation or fabrication of evidence and other actions conducted in bad faith, or failed to intervene when defendants observed others doing so, all in furtherance of Mr. Walsh's malicious prosecution.

78.     Mr. Walsh asserts that defendants, including Sample, Liebowitz, and John Doe 1, illegally targeted, falsely arrested and caused the initiation of a criminal prosecution against him in retaliation for his prior successful lawsuit against the NYPD and the City, Lunsford, Milfort, Doran and Clark, because of their racial, ethnic, or age based discriminatory prejudices, as well as their desire to meet an arrest quota or to benefit from increased overtime compensation.

79.     Mr. Walsh further asserts that defendants,' including Sample's, Liebowitz,' and John Doe 1's, retaliatory or discriminatory intent is substantiated by the fact that Mr. Walsh was the sole individual arrested, despite the presence of reliable and credible evidence and information corroborating Mr. Walsh's status as the clear and obvious sole victim of any crime, including the

fact that Mr. Walsh was the first and only individual to dial "911" or otherwise request police assistance in relation to the underlying criminal incident, the dearth of credible or reliable evidence against Mr. Walsh, as well as the fact that Mr. Walsh was denied his right to file a criminal complaint or report against Mr. Bruno, without any credible or viable explanation being provided by defendants.

80.     Defendants, including Sample, Liebowitz, John Doe 1, arrested Mr. Walsh, not because of any probable cause to believe he had committed any crimes or violations of the law, but because Mr. Walsh is a White male or because he had commenced a prior successful lawsuit against Lunsford, Milfort, Doran and Clark, all fellow NYPD officers, who were personally known to defendants, including Sample, Liebowitz, John Doe 1.

81.     Defendants, including Sample, Liebowitz and John Doe 1, perpetrated multiple overt acts in furtherance of their obviously discriminatory and retaliatory inclinations and motivations, namely the fabrication of a non-existent eye-witness, the fabrication of false allegations against Mr. Walsh, the coercion of Mr. Bruno to provide false information and make specious allegations against Mr. Walsh, the false arrest, illegal detention and subsequent malicious prosecution of Mr. Walsh, as well as the denial of Mr. Walsh's right to pursue criminal charges against Mr. Bruno.

82.     Defendants, including Sample, Liebowitz and John Doe 1, unlawfully conspired with Lunsford, Milfort, Doran and Clark, to unlawfully arrest, detain and maliciously prosecute Mr. Walsh, all in furtherance of their mutual and shared desire to retaliate against Mr. Walsh for the commencement of his prior successful lawsuit against Lunsford, Milfort, Doran and Clark.

83.     Defendants, including Sample, Liebowitz and John Doe 1, committed various overt acts in furtherance of said unlawful conspiracy, including each individual defendant's participation in, or knowledge of, a communication between two or more of the individually named defendants that

detailed or otherwise set forth the plan or design to falsely arrest, detain and maliciously prosecute Mr. Walsh.

84.     Defendants, including Sample, Liebowitz and John Doe 1, committed additional overt acts in furtherance of said conspiracy, namely the fabrication of a non-existent eye-witness, the fabrication of false allegations against Mr. Walsh, the coercion of Mr. Bruno to provide false information and allegations against Mr. Walsh, the false arrest, illegal detention and subsequent malicious prosecution of Mr. Walsh, as well as the denial of Mr. Walsh's right to pursue criminal charges against Mr. Bruno.

85.     Lunsford, Milfort, Doran and Clark, committed overt acts in furtherance of their retaliatory and conspiratorial designs against Mr. Walsh, by soliciting, importuning, or acquiescing to the commission of the acts previously described during the aforementioned communication that transpired at some point prior to Mr. Walsh's arrest.

86.     Defendants, including Sample, Liebowitz and John Doe 1, possessed no valid reason to arrest, detain or cause a criminal prosecution to be initiated against Mr. Walsh, or to deny Mr. Walsh the opportunity to file a criminal complaint against Mr. Bruno, the true and sole criminal offender, which gives rise to the strong inference that said unlawful acts were discriminatorily or retaliatorily motivated and perpetrated in furtherance of said impermissible motivations, as well as the aforementioned conspiracy.

87.     Defendants, including Sample, Liebowitz and John Doe 1, subjected Mr. Walsh to disparate treatment compared to other individuals similarly situated, such as Mr. Bruno, because defendants did not arrest or cause the initiation of a criminal prosecution against Mr. Bruno, despite the fact that Mr. Bruno was accused of various crimes and offenses by Mr. Walsh, a law enforcement officer and credible witness, who was personally present and identified.

88.     Accordingly, if there was probable cause to arrest either of individuals involved in the underlying criminal incident, Mr. Walsh and Mr. Bruno, it existed solely for Mr. Bruno.

89.     Mr. Walsh asserts that he was impermissibly treated differently than Mr. Bruno, because Mr. Walsh had previously filed a lawsuit against NYPD officers or supervising officers, including Lunsford, Milfort, Doran and Clark, who were personally known to defendants, including Sample, Liebowitz and John Doe 1, and also because Mr. Walsh is a White male, while Mr. Bruno had never filed a lawsuit against the NYPD, at least a lawsuit that defendants were personally aware of, and is a male of Hispanic or Latino descent or origin.

90.     Defendants,' including Sample's, Liebowitz' and John Doe 1's, unlawful arrest, detention and initiation of a criminal prosecution against Mr. Walsh, performed or carried out at the direction or behest of other NYPD police officers, including Lunsford, Milfort, Doran and Clark, adversely affected or chilled Mr. Walsh's desire to engage in activities or speech protected by the First Amendment, such as his right to report a crime and to file a criminal complaint against Mr. Bruno, to disagree and refuse follow a directive from a police lieutenant to shake hands and forget about a criminal incident, and to pursue court sanctioned redress for violations of his civil rights.

91.     Mr. Walsh's unlawful arrest and detention adversely affected his ability to file a criminal complaint against Mr. Bruno and chilled his desire to request police assistance, disagree with a police officer's recommendation to refrain from making a formal criminal complaint or report, or to engage in further litigation against the NYPD or its employees, because the instant arrest and acts of defendants, including Sample, Liebowitz and John Doe 1, physically prevented him from filing a criminal complaint against Mr. Bruno, diminished Mr. Walsh's credibility, and caused him to be fearful of future retaliatory acts if he engaged in the aforementioned constitutionally protected activities.

92.    Plaintiff asserts that the defendants, including Sample, Liebowitz, and John or Jane Does 1-10, who violated plaintiff's civil rights, are part of a larger pattern and practice of similar misconduct, which is so widespread, pervasive and consistent throughout the NYPD and the City of New York that the commission such constitutionally violative behavior has become tantamount to an official policy or custom within the NYPD and City of New York or, at the very least, conclusive evidence that the City and the NYPD have either tacitly approved of such egregious wrongdoings or that they have become deliberately indifferent to the civil rights of those who may come into contact their police officers.

93.    The individually named defendants herein, as well as other officers serving in the employ of the NYPD and City of New York, have blatantly, shamelessly, consistently and repeatedly engaged in conduct violative of the civil rights guaranteed and protected by Constitution of the United States, in addition to the laws and Constitution of the State of New York, all without incurring any ramifications for such misconduct and, ostensibly, with the full and complete blessing of the NYPD, the City of New York and their respective policymakers and supervisors.

94.    Upon information and belief, the NYPD, the City of New York, and their respective policymakers, officials or supervisors have imposed, tacitly approved or acquiesced to policies, customs, or patterns and practices within the NYPD that resulted in plaintiff's arrest without probable cause.

95.    Upon information and belief, the NYPD, the City of New York, and their respective policymakers or supervisors have failed to provide adequate training regarding the identification of probable cause, reasonable suspicion or the appropriate amount of force to be used.

96.    Defendants' actions, pursuant to plaintiff's underlying arrest, which occurred without even the semblance of probable cause, were so blatantly violative of plaintiff's civil rights that the tacit

approval of identical or similar acts by the policymakers or supervisors of the NYPD and the City of New York, as well as their deliberate indifference towards the rights of any individuals who may come into contact with defendants, should be inferred, because such flagrant deprivations of constitutionally protected rights could not and would not occur without the tacit approval or deliberate indifference regarding the commission of such violations by the policymakers or supervisors of the NYPD and City of New York.

97.     Upon information and belief, further details and facts, relating to the unlawful policies, customs or patterns and practices of the NYPD, City of New York and their respective policymakers, supervisors, police officers or employees, will become known after the completion of discovery, as such information is presently within the exclusive possession of defendants, the NYPD and City of New York.

98.     Upon information and belief, the personnel files, records and disciplinary histories of the officer defendants will reveal a history of Constitutional violations indicative of defendant City's knowledge that the individual officer defendants were unfit for employment as NYPD officers, or for employment in general, and that the probability of the individually named defendants committing similar violations in the future was extremely high.

99.     Upon information and belief, said personnel files, records and disciplinary histories will conclusively show that the City and the NYPD were fully aware of defendants' past constitutional violations, the unacceptably high probability for the recurrence of similar transgressions, the unreasonably dangerous situations that were likely to result from their hiring or retention, as well as their unsuitability for employment as law enforcement officers, or for employment in general, and that the NYPD and City of New York failed to engage in any preventive or corrective action intended to diminish the likelihood of recurrence for such violations, which is tantamount to the

City's tacit approval of such misconduct or the City's deliberate indifference towards the civil rights of those who may interact with its employees, including Sample, Liebowitz, and John or Jane Does 1-10.

100.     Upon information and belief, within only the last five (5) years, the individually named defendants have combined to be named as defendants in at least ten (10) lawsuits that have accused them of committing violations similar or identical to those alleged herein.

101.     Defendant Sample, in particular, has been individually named as defendant in at least four (4) lawsuits within the last the five (5) years, with each accusing him of violating the civil rights of those individuals he has sworn to protect. Defendant Sample has also been the subject of twenty complaint filed with the Civilian Complaint Review Board, with two of those allegations being substantiated and discipline charges being recommended. Notably, the two substantiated complaints against defendant Sample were for Abuse of Authority: Vehicle Stop and Force: Physical Force, which occurred in 2016 and 2017, respectively. Despite two civilian complaints being substantiated against him by the CCRB, who recommended disciplinary action be taken, the NYPD failed to take *any* corrective action or initiate disciplinary measures against defendant Sample, whatsoever. Instead, the NYPD rewarded defendant Sample's *substantiated* gross misconduct, including his use of excessive force, by promoting him to the rank of Lieutenant and offering him several pay raises. (*See* https://projects.propublica.org/nypd-ccrb/officer/1578-kevon-sample).

102.     Upon information and belief, the NYPD and City of New York and have failed, or outright refused, to correct the individually named defendants' predilections to engage in unconstitutional behavior or attempt to prevent the recurrence of such misconduct

103.    The aforementioned acts of defendants, including the City, Sample, Liebowitz, and John or Jane Does 1-10, directly or proximately resulted in the deprivation or violation of Mr. Walsh's civil rights, as guaranteed and protected by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, as well as the laws and constitution of the State of New York.

104.    As direct or proximate results of said acts, Mr. Walsh was caused to suffer the loss of his liberty, irreparable reputational harm, loss of earnings and potential earnings, physical injury, as well as severe and permanent emotional distress, including fear, embarrassment, humiliation, traumatization, frustration, extreme inconvenience, and anxiety.

**FIRST CAUSE OF ACTION**
First Amendment Retaliation Claim Under
42 U.S.C. § 1983 Against Individual Defendants

105.    Plaintiff re-alleges and re-avers Paragraph 1 through 104 of this Complaint, as if fully set forth herein.

106.    Plaintiff engaged in speech and activities that were protected by the First Amendment to the Constitution of the United States.

107.    Defendants committed impermissible or unlawful actions against plaintiff that were motivated or substantially caused by plaintiff's constitutionally protected speech or activities.

108.    Defendants' retaliatory actions against plaintiff resulted in the deprivation of his liberty and the initiation of criminal charges against him.

109.    Defendants' retaliatory actions adversely affected plaintiff's protected speech or activities by physically or procedurally preventing him from further pursuing said protected speech or activities, or by chilling his desire to further participate or engage in such protected speech or activities.

110.    Accordingly, plaintiff's right to engage in protected speech and activities, guaranteed and protected by the First Amendment to the Constitution of the United States, was violated by defendants.

111.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SECOND CAUSE OF ACTION
Unlawful Search & Seizure Under
42 U.S.C. § 1983 Against Individual Defendants

112.    Plaintiff re-alleges and re-avers Paragraph 1 through 111 of this Complaint, as if fully set forth herein.

113.    Defendants subjected plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

114.    Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

115.    Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

116.    The unreasonable searches and seizures to plaintiff's person and property were not otherwise privileged.

117.    Accordingly, defendants violated plaintiff's right to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the Constitution of the United States.

118.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
False Arrest & False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

119.    Preceding paragraphs 1-118 are incorporated by reference, as if fully set forth herein.

120.    The Defendants violated the Fourth and Fourteenth Amendments to the Constitution of the United States by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

121.    The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

122.    At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

123.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

124.    Plaintiff re-alleges and re-avers Paragraphs 1 through 123 of this Complaint, as if fully set forth herein.

125.    Defendants initiated the prosecution against Plaintiff.

126.    Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

127.    Defendants acted with malice, which, in the absence of probable cause, may be inferred.

128.    The prosecution was terminated in Plaintiff's favor, when all criminal charges were unconditionally dismissed and sealed.

129.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered significant damages.

130.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

131.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

132.     Plaintiff re-alleges and re-avers Paragraphs 1 through 131 of this Complaint, as if fully set forth herein.

133.     Defendants initiated the prosecution against Plaintiff.

134.     Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

135.     Defendants acted with malice, which, in the absence of probable cause, may be inferred.

136.     The prosecution was terminated in Plaintiff's favor, when all criminal charges were unconditionally dismissed and sealed.

137.     Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights by causing Plaintiff to remain unlawfully incarcerated after his arraignment and trial by jury

138.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

139.     Plaintiff re-alleges and re-avers Paragraph 1 through 138 of this Complaint, as if fully set forth herein.

140.     Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

141.    Defendants had no excuse or justification to forcibly detain and initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

142.    Defendants intended to inflict substantial harm upon Plaintiff.

143.    Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

144.    Defendants' actions deprived Plaintiff of his constitutional rights to free from illegal searches and seizures and to not be deprived of his liberty without the due process of law.

145.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Denial of Rights to Due Process & Fair Trial Under
New York State Law

146.    Plaintiff re-alleges and re-avers Paragraphs 1 through 145 of this Complaint, as if fully set forth herein.

147.    Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision and forwarded said false information to the New York County District Attorney's Office.

148.    Defendants' actions deprived Plaintiff of his rights to Due Process and to a fair trial and caused post-arraignment restrictions to be imposed on his liberty and freedom of movement.

149.    Accordingly, defendants violated Plaintiff's rights to Due Process and to a fair trial, pursuant to Article I, sections 1, 2 and 6 of the constitution of the State of New York, as well Article II, section 12, of the New York Civil Rights Law.

150.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

151.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Denial of Rights to Due Process & Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

152.    Plaintiff re-alleges and re-avers Paragraphs 1 through 151 of this Complaint, as if fully set forth herein.

153.    Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision and forwarded said false information to the New York County District Attorney's Office.

154.    Defendants' actions deprived Plaintiff of his right to a fair trial and caused post-arraignment restrictions to be imposed on his liberty and freedom of movement.

155.    Accordingly, defendants violated Plaintiff's right to fair trial, pursuant to the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States

156.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Deprivation of Rights & Denial of Equal Protection of the Laws Under
42 U.S.C. §§ 1981 & 1983 Against Individual Defendants

157.    Plaintiff re-alleges and re-avers Paragraph 1 through 156 of this Complaint, as if fully set forth herein.

158.    Defendants also selectively treated Plaintiff in comparison to others similarly situated.

159.    Defendants' selective treatment of Plaintiff was based on impermissible considerations, such as their intent to inhibit or punish Plaintiff's exertion of his Constitutional rights, or a malicious or bad faith intent to injure Plaintiff.

160.     Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

161.     Defendants, motivated by a discriminatory animus, applied facially neutral penal statutes with adverse effects against Plaintiff.

162.     Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

163.     Accordingly, defendants violated Plaintiff's Constitutionally protected rights, pursuant to the Fourteenth Amendment to the Constitution of the United States.

164.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

165.     Plaintiff re-alleges and re-avers Paragraph 1 through 164 of this Complaint, as if fully set forth herein.

166.     Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

167.     Accordingly, the Defendants who failed to intervene violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

168.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)      In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes

of action;

b)      Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)      Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)      Awarding Plaintiff reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 1988;

e)      Granting such other or further relief, as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: Bayside, New York
        February 7, 2022

# SIM & DEPAOLA, LLP

*Attorneys-at-Law*
42-40 Bell Boulevard – Suite 405
Bayside, New York 11361
(718) 281-0400

By:      /s/ *Samuel C. DePaola*
         Samuel C. DePaola, Esq.
         *Attorney for Plaintiff*
         sdepaola@simdepaola.com