

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/20/2022__

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**KELLYANNE HOLOHAN**
*Assistant Corporation Counsel*
*Phone: (212) 356-2249*
*Fax: (212) 356-3509*
*kholohan@law.nyc.gov*

May 20, 2022

**VIA ECF**
Hon. Analisa Torres
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: Martin Walsh v. City of New York et al.,
            19 Civ. 9238 (AT)

Your Honor:

      I am the attorney assigned to represent defendants Kevon Sample, Oliver Liebowitz, and the City of New York ("Defendants") in the above-referenced matter. Defendants write to respectfully request a *nunc pro tunc* extension of the fact discovery deadline until July 6, 2022 and an adjournment of the Case Management Conference currently scheduled for May 24, 2022 to a date and time convenient to the Court. Plaintiff's counsel, Samuel DePaola, Esq., consents to these requests.

      By way of background, plaintiff alleges that, on or about, June 17, 2018, at approximately 2:00 p.m., he was walking in the vicinity of the northwest corner of 1st Avenue and 87th Street, in the County, City and State of New York. At that time, plaintiff claims that he was lawfully within the crosswalk when he was almost struck by a bicyclist, who illegally and dangerously sped through a red stop-light. Plaintiff informed the bicyclist that he had the right of way at which point the bicyclist, later identified as Francisco Bruno, Jr. ("Mr. Bruno"), brandished a metal chain in a threatening manner, while proceeding to utter various profanity laced threats toward plaintiff. Mr. Walsh dialed 911 and informed the operator that he was an off-duty court officer in need of assistance, because he was being menaced and harassed by a bicyclist, as required. Minutes later two NYPD officers arrived at the scene, including defendant Liebowitz and Mr. Walsh informed them about Mr. Bruno's unlawful actions and identified him to the officers. Defendant Liebowitz then proceeded to question Mr. Bruno and defendant Sample then arrived. Shortly thereafter, plaintiff was arrested and later charged with Assault in the Third Degree and other related charges. Plaintiff now brings for, *inter alia*, false arrest, malicious prosecution, and fabrication of evidence. See Civil Docket Entry No. 1.

On February 8, 2022 the parties submitted a Proposed Case Management Plan which was endorsed by the Court the same day. See Civil Docket Nos. 56, 57. Pursuant to the Case Management Plan, depositions were to be completed by April 22, 2022 and the fact discovery deadline was to be completed by May 6, 2022. Id. On April 15, 2022, a Notice of Deposition ("the Notice") for plaintiff's deposition was served on plaintiff's counsel via email. Pursuant to the Notice, plaintiff's deposition was to be conducted on April 22, 2022 at the Offices of the Corporation Counsel. On April 18, 2022, plaintiff's counsel indicated that he would ascertain his client's availability, requested information about defendants' availability for depositions, and requested consent to extend the deadline to conduct depositions to the end of the fact discovery deadline. Thereafter, although the parties continued to communicate on the topic of scheduling, it does not appear that dates for the depositions were ever agreed upon nor have the depositions been conducted yet. Upon being reassigned this matter from former Assistant Corporation Counsel Matthew McQueen on or about May 13, 2022, see Civil Docket Entry No. 59, the undersigned immediately learned that depositions were not complete.

Defendants now seek a *nunc pro tunc* extension of the fact discovery deadline. Defendants timely noticed plaintiff's deposition before the close of fact discovery, selected a date for the deposition, however, it appears that the parties were unable to conduct the deposition prior to the close of the deadline. In addition, although plaintiff's counsel did not serve formal notices of deposition, he timely advised this office of his intention to depose the individual defendants – a request that we will accommodate. While the parties failed to seek an extension of the fact discovery deadline prior to its expiration, upon realizing this error, the parties promptly communicated with each other in an effort to remedy this oversight.

As to the request to adjourn the Case Management Conference currently scheduled for May 24, 2022, defendants require an adjournment to provide the undersigned, who was just assigned to this case, with sufficient time to familiarize herself with this case and its extensive factual and procedural history. Further, should Your Honor grant the *nunc pro tunc* extension of the fact discovery deadline, an adjournment would provide the parties with time to schedule and complete the outstanding depositions.

For the foregoing reasons, defendants respectfully request a *nunc pro tunc* extension of the fact discovery deadline until July 6, 2022 and an adjournment of the Case Management Conference currently scheduled May 24, 2022 to a date and time convenient to the Court.

> GRANTED. Fact discovery shall be completed by **July 6, 2022**. The parties are reminded of the requirements and deadline for dispositive motions set forth by the Court's Individual Practices in Civil Cases at the close of fact discovery. The case management conference scheduled for May 24, 2022, is ADJOURNED to **July 25, 2022**, at **11:00 a.m.** The parties shall submit a status letter by **July 18, 2022**.
>
> SO ORDERED.
>
> Dated: May 20, 2022
> New York, New York
>
> ANALISA TORRES
> United States District Judge