

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: \_\_\_3/4/2025\_\_\_\_

**THE CITY OF NEW YORK**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**KELLYANNE HOLOHAN**
*Assistant Corporation Counsel*
Phone  *(212) 356-2249*
Fax  *(212) 356-3509*
*kholohan@law.nyc.gov*

March 3, 2025

**BY ECF**
Hon. Analisa Torres
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:  *Martin Walsh v. City of New York et al.*,
           19 Civ. 9238 (AT)

Your Honor:

      I am the attorney assigned to represent defendants Kevon Sample, Oliver Liebowitz, and the City of New York ("Defendants") in the above-referenced matter. I write on behalf of the parties to respectfully request that Your Honor extend the deadline for defendants to file their Rule 56.1 statement of fact from March 4, 2025 to March 18, 2025, and a similar extension of time, from March 11, 2025 to March 25, 2025, for Plaintiff to file his response. *See* Civil Docket Entry No. 126.

      By way of background, Plaintiff alleges that, on or about, June 17, 2018, at approximately 2:00 p.m., he was walking in the vicinity of the northwest corner of 1st Avenue and 87th Street, in Manhattan. At that time, plaintiff claims that he was lawfully within the crosswalk when he was almost struck by a bicyclist, who illegally and dangerously sped through a red stop-light. Plaintiff informed the bicyclist that he had the right of way at which point the bicyclist, later identified as Francisco Bruno, Jr. ("Mr. Bruno"), brandished a metal chain in a threatening manner, while proceeding to utter various profanity laced threats toward plaintiff. Mr. Walsh dialed 911 and informed the operator that he was an off-duty court officer in need of assistance. Minutes later two NYPD officers arrived at the scene, including defendant Liebowitz, and Mr. Walsh informed them about Mr. Bruno's unlawful actions and identified him to the officers. Defendant Liebowitz then proceeded to question Mr. Bruno and defendant Sample then arrived. Shortly thereafter, plaintiff was arrested and later charged with Assault in the Third Degree and other related charges. Plaintiff now brings for, *inter alia*, false arrest, malicious prosecution, and fabrication of evidence. *See* Civil Docket Entry No. 1.

As an initial matter, the undersigned apologizes for failing to comply with Rule III.C.iii of Your Honor's Individual Rules and Practices. The instant extension is now requested to allow plaintiff time to consider defendants' most recent settlement offer. Specifically, counsel met in person for one hour on March 2, 2025 to discuss the possibility of settlement in accordance with Your Honor's Rules and Practices and as the Court reminded the parties on February 19, 2025. *See* Civil Docket Entry No. 122. This extension would allow plaintiff's counsel the time needed to confer with his client regarding defendants' increased offer and, if the parties are unable to resolve the matter, will afford defendants additional time to finalize their Rule 56.1 statement of undisputed facts.

For the foregoing reasons, the parties respectfully request an extension of time for defendants to file their Rule 56.1 statement of fact from March 4, 2025 to March 18, 2025, and a similar extension of time, from March 11, 2025 to March 25, 2025, for Plaintiff to file his response, if any.

The parties thank the Court for its consideration.

Respectfully submitted,

*KellyAnne Holohan /s/*
KellyAnne Holohan
*Assistant Corporation Counsel*

cc:  **BY ECF**
*All Counsel of Record*

GRANTED. Additionally, the case management conference scheduled for March 17, 2025, is ADJOURNED *sine die*.

SO ORDERED.

Dated: March 4, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge