USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/24/2025__



**THE CITY OF NEW YORK**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**KELLYANNE HOLOHAN**
*Senior Counsel*
*Phone: (212) 356-2249*
*Fax: (212) 356-3509*
*kholohan@law.nyc.gov*

April 23, 2025

**BY ECF**
Hon. Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

          Re:   *Martin Walsh v. City of New York et al.*,
                19 Civ. 9238 (AT)

Your Honor:

      I am the attorney assigned to represent defendants Kevon Sample, Oliver Liebowitz, and the City of New York ("Defendants") in the above-referenced matter. I write on behalf of the parties to respectfully request an extension of time for defendants to file their anticipated Rule 56.1 statement of material facts, including plaintiff's responses to each entry, from April 25, 2025 to May 20, 2025. *See* Civil Docket Entry No. 132.

      By way of background, plaintiff alleges that, on or about, June 17, 2018, at approximately 2:00 p.m., he was walking in the vicinity of the northwest corner of 1st Avenue and 87th Street, in Manhattan. At that time, plaintiff claims that he was lawfully within the crosswalk when he was almost struck by a bicyclist, who illegally and dangerously sped through a red stop-light. Plaintiff informed the bicyclist that he had the right of way at which point the bicyclist, later identified as Francisco Bruno, Jr. ("Mr. Bruno"), brandished a metal chain in a threatening manner, while proceeding to utter various profanity laced threats toward plaintiff. Mr. Walsh dialed 911 and informed the operator that he was an off-duty court officer in need of assistance. Minutes later two NYPD officers arrived at the scene, including defendant Liebowitz, and Mr. Walsh informed them about Mr. Bruno's unlawful actions and identified him to the officers. Defendant Liebowitz then proceeded to question Mr. Bruno and defendant Sample then arrived. Shortly thereafter, plaintiff was arrested and later charged with Assault in the Third Degree and other related charges.

This extension is now needed because, the undersigned failed to account for professional commitments, aside from the *Banyan* trial[1] referenced in the previous request, which significantly affect her ability to finalize defendants' Rule 56.1 Statement. Additional time will afford the undersigned the time necessary to finalize defendant's Rule 56.1 Statement and will also afford Plaintiff enough time to draft his responses.

Accordingly, and with plaintiff's consent, defendants respectfully request that Your Honor grant an extension of time for defendants to file their anticipated Rule 56.1 Statement, including plaintiff's responses to each entry, from April 25, 2025 to May 20, 2025.

Defendants thank the Court for its consideration.

Respectfully submitted,

*KellyAnne Holohan /s/*
KellyAnne Holohan
*Senior Counsel*

cc:   **BY ECF**
      *All Counsel of Record*

Rule III(C) of the undersigned's Individual Practices in Civil Cases provides that a party wishing to move for summary judgment shall not file its pre-motion letter until it has produced its Rule 56.1 statement and all admissible evidence cited therein that has not previously been produced in discovery for the opposing party and allowed the opposing party an opportunity to set forth its response to each entry of the Rule 56.1 statement. The purpose of the Rule is to ensure that the parties' pre-letter exchange regarding the Rule 56.1 statement informs the content of, and basis for, any pre-motion letter for summary judgment.

Accordingly, Defendants' request for a further extension of the deadline to file their Rule 56.1 statement with Plaintiff's responses is GRANTED. However, Defendants shall file their Rule 56.1 statement as an attachment to a renewed pre-motion letter that expressly addresses the Rule 56.1 statement and Plaintiff's responses. No further extensions of this deadline shall be granted absent exceptionally good cause shown.

In accordance with the undersigned's Individual Practices, Plaintiff shall file his response to Defendants' renewed pre-motion letter within five business days of receipt.

SO ORDERED.

Dated: April 24, 2025
       New York, New York

ANALISA TORRES
United States District Judge